UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HENRY BARROWS,
    Plaintiff,

vs.                       13-1483

OFFICER BLACKWELL, et.al.,
    Defendants.

## MERIT REVIEW OPINION

This cause is before the court for merit review of the Plaintiff's complaint. The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff alleges twelve Defendants violated his constitutional rights at Pontiac Correctional Center including Sergeant Blackwell, Correctional Officer Brian Maier, Dr. Moss, Counselor Terri Kennedy, Dr. Alton Angus, Warden Randy Pfister and six John Doe Defendants.

The Plaintiff says on June 7, 2103, a five member tactical team was called to secure the food hatch in his cell. The Plaintiff was told to cuff up and move back with his hands above his head. The Plaintiff says he complied, but the tactical team still sprayed chemical spray in his cell. The Plaintiff was taken to a medical technician who flushed out the Plaintiff's eyes with water.

The Plaintiff says tactical team members then took him to another cell where he was subjected to a full body search. The Plaintiff claims the officers then repeatedly shoved an object into his rectum. Afterwards the tactical team told the Plaintiff to tie his jumpsuit around his waist, and he was taken back to his cell.

The Plaintiff says he tried to wash the chemical agent off his skin, but all water was turned off in his cell and there was feces and urine in his toilet. The Plaintiff asked Defendant Maier to allow him water to wash off because his skin was burning, but he says the officer laughed at him. The next day, the Plaintiff smeared feces on his cell window and took unidentified pills. As a result, he was taken to the Health Care Unit. The Plaintiff says he told Dr. Moss about the tactical team members and she said she would report the incident and follow up with the Plaintiff, but nothing was done. The Plaintiff also wrote an emergency grievance, but Warden Pfister did not respond.

The Plaintiff says he was placed on suicide watch from September 9th to September 17, 2013 in a cell with dried up feces on the walls, window, ceiling and toilet. The Plaintiff says he repeatedly complained about the cell conditions to Dr. Angus, but he took no action. In addition, he sent a grievance to Counselor Terri Kennedy, but she did not respond. The Plaintiff claims the Defendants actions violated his Eighth Amendment and Due Process rights.

The Plaintiff has adequately alleged the five John Doe members of the tactical team violated his Eighth Amendment rights when they: 1) used pepper spray when the Plaintiff had already complied with orders; and 2) sexually assaulted the Plaintiff. The Plaintiff also says Sergeant Blackwell was involved in the incident, but he does not state how the sergeant participated. Therefore, the court will dismiss this Defendant. If the Plaintiff can state how Defendant Blackwell was directly involved, he may file a motion for leave to file an amended complaint.

The fact that Dr. Moss and the Warden took no action after the Plaintiff reported the tact team incident does not state a violation of the Plaintiff's constitutional rights. Only persons who cause or participate in the violations are responsible and they must be the subject of a duly filed grievance. *See Greeno v. Daley,* 414 F.3d 645, 656–57 (7th Cir.2005); *Reed v. McBride,* 178 F.3d 849, 851–52 (7th Cir.1999); *Vance v. Peters,* 97 F.3d 987, 992–93 (7th Cir.1996). In addition the failure to respond to grievances does not state a due process violation. The Seventh Circuit has held the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir.2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir.2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir.2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996). Therefore, the failure to investigate or respond to Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli,* 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir.1982).

The Plaintiff claims Defendant Maier was deliberately indifferent to his serious medical condition when he was denied water to wash off his skin or additional medical care to reduce his pain. The Plaintiff admits a medical technician did rinse out his eyes immediately after the use of pepper spray. Some courts have noted "exposure to OC spray has no lasting effects and the treatment for such exposure consists primarily of 'flushing the eyes with water.'"*Ford v Ryker,* 2011 WL 833963 at 2 FN 2 (S.D.Ill. March 4, 2011) *citing Wagner v Bay City Tex*., 227 F.3d 316, 319 N. 1 (5th Cir. 2000). Unlike the eye, the human skin is not as vulnerable to serious injuries from exposure to chemical spray and the court will not infer a serious injury to the Plaintiff's skin based on the record before the court. Consequently, the allegations of deliberate indifference to a serious medical condition against Officer Maier are insufficient to make out a plausible claim that the Defendant Maier had reason to know that Plaintiff's skin pain was a serious medical condition requiring additional treatment. If the Plaintiff believes in good faith that he can correct this pleading defect, he may file a motion for leave to file an amended complaint specifically stating his claim against Defendant Maier.

2

The Plaintiff has also alleged an Eighth Amendment claim against Defendant Angus based on the Defendants failure to take any actions when the Plaintiff repeated reported his deplorable living conditions. However, this claim is not related to the other allegations in this complaint. The alleged use of excessive force and denial of medical care took place on June 7, 2013 and the alleged unconstitutional living conditions did not occur until three months later in September of 2013 and involved a different Defendant. The Seventh Circuit has held a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007) "[M]ultiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* Therefore, the Plaintiff may not proceed with this claim in the same complaint.

The Plaintiff will be allowed to proceed in this case with his claim that tactical team members violated his Eighth Amendment rights when they used excessive force and sexually assaulted him. If the Plaintiff believes he can clarify his claim against Defendant Maier or Defendant Blackwell, he may file a motion for leave to file an amended complaint with a proposed amended complaint attached within 21 days of this order. The amended complaint must stand complete on its own and not make reference to the original complaint. The amended complaint must also include all claims against all Defendants. If possible, the Plaintiff should attempt to identify the tactical team members. The court cannot serve John Doe Defendants. Therefore, Defendant Warden Randy Pfister will remain in the case only for the purpose of identifying the John Doe Defendants.

The Plaintiff may not proceed with his claims involving Defendant Angus and his unconstitutional living conditions from September 9, 2013 to September 17, 2013 in this lawsuit. If he wishes to purse this claim, the Plaintiff must file a separate lawsuit and pay a separate filing fee. The Plaintiff is also admonished he must file any lawsuit concerning this claim within the two year statute of limitations period. *See Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994).

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges: a) the five John Doe members of the tactical team violated his Eighth Amendment rights when they used pepper spray against the Plaintiff; and b) the tactical team members violated the Eighth Amendment when they sexually assaulted the Plaintiff. The claims are against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendant Warden Pfister will also remain in the case until the parties can identify the John Doe Defendants.

3) If the Plaintiff wishes to clarify his claims against Defendant Blackwell and Maier, he may file a motion for leave to file an amended complaint with a proposed amended complaint attached within 21 days of this order or on or before August 21, 2014. The

proposed amended complaint must be in compliance with the court's directives in this Merit Review Order.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all Defendants except the John Doe tactical team members and Warden Pfister for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A; 2) Attempt service on Defendant Pfister pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**2) If a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 31st day of July, 2014.

s/ Joe Billy McDade
_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE